LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTHER WARD,<br>    Plaintiff<br><br>    v.<br><br>HARBOR COFFEE, LLC<br><br>    Defendant | CIVIL NO.<br><br>COMPLAINT |

**COMPLAINT**

Plaintiff ESTHER WARD, through her undersigned counsel, avers and alleges:

JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. Section 1331 through the federal question raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. Section 12101 et seq., and has pendant jurisdiction over the parallel state claim.

2. All events material hereto occurred within the District of Hawaii.

3. Plaintiff ESTHER WARD is a person with a disability. Plaintiff is also the mother of a spinal cord-injured quadriplegic. She therefore has associational standing to bring this suit for the alleged discrimination as well as personal standing.

VIOLATION OF 42 U.S.C. 12101 ET. SEQ. AND HRS §347-13

4. According to 28 CFR part 36, the defendant is a "public accommodation," owning and/or in control of a building in which is operating a "place of public accommodation", including a food vendor named "Haleiwa Bowls" located at 66-030 Kamehameha Highway, Haleiwa, City & County of Honolulu, Hawaii, and thereby falls under the ambit of the ADA, 42 U.S.C. Section 12101 et seq.

5. The defendant is a domestic limited liability corporation duly registered with the State of Hawaii Department of Commerce and Consumer Affairs' Business Registration Division since February 2017. Accordingly the defendant is amenable to suit by any aggrieved individual for violation of the ADA, including the plaintiff.

6. The defendant has violated Hawaii Revised Statutes §347-13 by denying the plaintiff equal accommodations and has not complied with the ADA final rules, 28 CFR part 36, Subpart C, including but not limited to failure to eliminate readily achievable architectural barriers to equal accessibility, including but not limited to:

    a) no accessible route;

    b) no accessible entrance; and

    c) no accessible service counter.

THEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THE COURT: enter judgment for the plaintiff and against the defendant and order the following relief:

   A) An injunction ordering the defendant's full compliance with the ADA within one hundred eighty (180) days;

   B) Monetary damages in the amount of $1,000.00 or three times actual damages, whichever is greater, as provided for in Hawaii Revised Statutes §347-13.5;

   C) Payment of plaintiff's litigation costs, including reasonable expert and attorney's fees; and

   D) Such other relief as the court deems proper.

   DATED: Honolulu, Hawaii, January 8, 2018.

   /s/ LUNSFORD DOLE PHILLIPS